# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No.: 2:09-00800-PMD |
| ) | |
| Terrence Terrell Jones, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon Defendant Terrence Terrell Jones's ("Defendant" or "Jones") Motion to Suppress a quantity of cocaine, approximately 100 grams, found during the execution of a search warrant upon 1552 Orange Grove Road.

Defendant is charged in an indictment alleging that on or about May 2009, and continuing thereafter, Defendant and others knowingly and intentionally did combine, conspire, agree, and have tacit understanding with each other and with others to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, a Schedule II controlled substance, said conspiracy involving 5 kilograms or more of cocaine, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(A). All in violation of Title 21, United States Code section 846. In addition to the conspiracy charge, the indictment alleges that on or about December 14, 2009, in the District of South Carolina and elsewhere, Defendant knowingly, intentionally, and unlawfully did possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances; in violation of Title 21, United States Code, sections 841(a)(1), 841(b)(1)(A) and 841 (b)(1)(B).

A hearing was held on this motion on November 18, 2010.

# BACKGROUND

On December 14, 2009, law enforcement received information that Antwan Maurice Heyward ("Heyward" A/K/A "Wink") was travelling from Texas to the Charleston area and had checked into a Hampton Inn in Summerville. Law enforcement was interested in Heyward because a federal bench warrant had been issued for his arrest as a result of a December 8, 2009 grant jury indictment charging Heyward with conspiring to distribute more than five kilograms of cocaine in the District of South Carolina.

Law enforcement was advised that Heyward would be travelling as a passenger in a silver 1997 Ford Taurus, S.C. license plate EMR 427. At approximately 5:10 pm, agents observed the vehicle traveling down I-26 toward Charleston. Jones was driving the vehicle and Heyward was the passenger. After agents followed the vehicle for approximately two miles, Jones quickly moved from the center lane to an exit ramp. The agents activated their blue lights, Jones pulled into a Taco Bell, the traffic in the Taco Bell parking lot prevented Jones from exiting the parking lot, and agents approached the vehicle.

The DEA agent approaching the vehicle noticed that Heyward was attempting to conceal something under his shirt. That item was seized. It was approximately .75 of a kilogram of cocaine. Defendant claims that Heyward told law enforcement that Jones had no knowledge of the drugs in the car.

The agents interviewed Heyward who revealed that Jones was a local distributor of cocaine who received his drugs from Heyward. He divulged that on the previous night Jones had purchased some cocaine at his residence that Heyward had brought from Texas. The agents also were informed that Jones was on supervised release for a conviction involving trafficking crack cocaine. No drugs were found on Jones.

Based on that information, the agents sought and obtained a warrant to search Jones' residence on December 15, 2009. Upon execution of the warrant, agents located a plastic bag containing four separate baggies consisting of a total of approximately 100 grams of cocaine.

Defendant moves this court to suppress the cocaine found at the residence as the cocaine is the fruit of an unconstitutional search, arguing that the officers lacked probable cause or reasonable suspicion to search the residence and to charge him with the quantity of cocaine seized from the residence.

## **ANALYSIS**

The search was conducted pursuant to a warrant issued by a magistrate. When a magistrate has determined that probable cause exists, that determination is entitled to substantial deference. *United States v. Hodges*, 705 F.2d 106, 108 (4th Cir. 1983) (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965). This court, as a reviewing court, determines whether or not a substantial basis existed for the magistrate to issue the warrant. *Id.* (citing *United States v. Harris*, 403 U.S. 573, 581 (1971). "Moreover, 'the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner . . . [T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.'" *Id.* (quoting *Ventresca*, 380 U.S. at 109).

A warrant may be issued upon a showing of probable cause. Probable cause for a magistrate to issue a search warrant exists when there are reasonably trustworthy facts to lead a reasonable person to believe that the items sought will be present at the time and place of the search. *United States v. Suarez*, 906 F.2d 977, 984 (4th Cir. 1990) (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). "[P]robable cause means only that a 'probability, and not a prima facia

showing, of criminal activity' need to be satisfied." *Hodges*, 705 F.2d at 108 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)).

When determining whether to issue a warrant, judges use a "totality of the circumstances analysis." *Gates,* 462 U.S. at 238. Probable cause is not defined by bright lines and rigid boundaries; the magistrate should employ a common sense analysis. *Id.* The Fourth Circuit's cases recognize that in order for a search warrant to have been validly issued, there must be a sufficient nexus between the criminal conduct, the items to be seized, and location to be searched. *See e.g. United States v. Grossman,* 400 F.3d 212, 217 (citing *United States v. Servance*, 394 F.3d 222, 230 (4th Cir. 2005). *See also United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1998)). However, the nexus can be established by the nature of the item and the normal inferences of where one would likely keep such evidence. *Anderson*, 851 F.2d at 729. Furthermore, the nexus can be established even when the affidavit supporting the warrant "contains no factual assertions directly linking the items sought to the defendant's residence." *Servance*, 394 F.3d at 230. This case presents another situation in which the affidavit did not include a factual assertion linking the items sought, but the facts asserted were sufficient to establish the nexus between the drugs sought and Defendant's residence.

The Fourth Circuit has dealt with cases similar to this one. For example, in *United States v. Williams*, officers obtained a search warrant for the defendant's motel room following a routine traffic stop during which officers found drug residue and a gun. 974 F.2d 480 (4th Cir.1992). The warrant was issued on the basis of an affidavit which established the details of the traffic stop, that Williams had a criminal history involving drug trafficking, and that he was carrying a receipt for a motel room. *Id.* at 480-81. The court rejected the argument that this evidence did not establish a probability that drugs would be found in his motel room. *Id.* at 481.

He argued that none of the facts in the affidavit were sufficient to link his past drug-related activities to his current motel room, but the court disagreed. *Id. See also Grossman* 400 F.3d at 214 (stating that "[w]e decline to require specific evidence of the existence of drugs in a residence where other facts sufficiently establish probable cause for the search").

In this case, there was specific evidence establishing the nexus between the drugs and the residence. Defendant was stopped because DEA agents had a federal bench warrant charging his passenger with conspiring to distribute more than five kilograms of cocaine in the District of South Carolina. The DEA's active investigation of the passenger included that Heyward was supplying local distributors, including Jones, with cocaine. He drove evasively until stopped. His passenger was carrying a quantity of drugs. Additionally, the agents were aware of Defendant's criminal history involving drugs.

The facts of this case provided a clear basis for the magistrate to issue the warrant and the magistrate's determination that probable cause exists is entitled to substantial deference. Therefore, the court denies Defendant's Motion to Suppress.

Additionally, even if probable cause was lacking and the warrant was not properly issued, the evidence should still not be suppressed because the good faith exception applies. "Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)). In *Lalor*, the court found that a search warrant was not properly issued because there was an insufficient nexus between drug activity and the defendant's residence, but the Fourth Circuit held the evidence should not be suppressed,

because "the warrant [was] not so lacking in probable cause that the officers' reliance upon it was objectively unreasonable" and the warrant was not prepared in bad faith *Id.* In this case, nothing indicates bad faith or unreasonable reliance upon the warrant.

## **CONCLUSION**

Therefore, based on the foregoing, the court **DENIES** Defendant Terrence Terrell Jones' Motion to Suppress.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 14, 2010**
**Charleston, SC**